**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
LEISURE DIRECT, INC.,

                        Plaintiff,                **REPORT AND**
                                                                         **RECOMMENDATION**

                 - against -

                                                                         CV 05-4473 (JG) (JO)

GLENDALE CAPITAL, LLC, et al.,
                        Defendants.
----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       On December 29, 2006, the Honorable John Gleeson, United States District Judge, entered an Order to Show Cause why Defendant David W. Parsons, Esq. ("Parsons") should not be ordered to turn over and transfer to the custody of either plaintiff Leisure Direct, Inc. ("LDI") or the Clerk of the court all shares of LDI currently in his possession or under his control. Docket Entry ("DE") 49. In the same order, Judge Gleeson referred LDI's application for such relief to me. *Id.*[1] I now make my report and, for the reasons set forth below, respectfully recommend that the court grant the requested mandatory injunction and require Parsons to turn over the LDI shares in his custody and control to LDI pending the outcome of this litigation.

I.     Background

       On September 21, 2005, Judge Gleeson entered a temporary restraining order that prohibited Parsons and his co-defendants from selling or otherwise disposing of LDI stock in their custody or control pending a hearing on October 3, 2005. DE 2. By order dated September 30, 2005, the hearing was adjourned and the temporary restraint extended until October 24, 2005.

---

[1] I understand the referral to have been for purposes of making a report and recommendation rather than deciding the matter myself. *See* 28 U.S.C. § 636(b)(1)(A).

When Parsons appeared at the hearing, he acknowledged holding the LDI stock at issue; some at his office and some "in an account under [his] control at Alpine Securities in Salt Lake City." DE 16 at 6. He further acknowledged that he would not be prejudiced by the issuance of an injunction that would "hold things in place pending the resolution of the merits of [LDI's] claims[.]" *Id*. at 9. Accordingly, the court issued a preliminary injunction. *See id*. at 11; DE 8.

II. Discussion

The injunction in this case was explicitly designed to preserve the status quo and allow the parties to litigate the merits. Parsons, however, has defied the court in both respects. First, he delayed filing an answer until prodded to do so on pain of default, and then disobeyed every subsequent order designed to promote discovery and litigation of the merits of LDI's claims. As a result of that conduct, the court struck Parsons' answer and entered a default judgment against him. *See* DE 47 (report and recommendation); Order dated December 7, 2006 (adopting recommendation).

Second, and most relevant to the instant referral, Parsons defied the order to preserve the status quo by disposing of at least some of the LDI shares in his control. LDI has demonstrated to my satisfaction that in December 2006, notwithstanding the terms of the preliminary injunction, Parsons caused at least 67,000 shares of LDI – and perhaps as many as 125,000 shares – to be sold from the account under his control at Alpine Securities, the same account in which he acknowledged holding LDI stock in October 2005. *See* DE 49, Declaration of John Ayling, Ex. A (Letter from John Ayling to Igor Krol dated December 22, 2006 ("Ayling Letter")) at 1-2 & Ex. 5.

2

LDI has further demonstrated that there may exist repositories of the shares within Parsons' custody and control other than those he acknowledged at the hearing on October 24, 2005. Specifically, according to the Ayling Letter, on the same day that Parsons received 790,000 shares of LDI Free Trading Stock from four of the company's investors, he transferred the same number of such shares as follows: 375,000 shares to an account at Alpine Securities in the name of Gold Op Holding Inc.; 375,000 shares to an account at Pension Financial Services in the name of Glendale Capital, LLC; and 40,000 shares to an account in the name of Gary Constantine. *Id*. at 1 & Ex. 2. The recent disposition of shares from the Alpine Securities account suggests that the remaining shares might also be dissipated without judicial intervention.

At the hearing on January 4, 2007, LDI's counsel agreed that if the court orders Parsons to turn over the LDI shares in his custody and control to LDI, the latter will maintain custody of them pending the outcome of this litigation. Counsel further explained that LDI is deliberately seeking the mandatory injunction at issue here as a more limited form of relief than the order of contempt against Parsons to which it is already plainly entitled in the hope that such an order – and the prospect of more Draconian steps to come – will finally secure the defendant's compliance. Finally, counsel stated that he had been authorized by counsel for the remaining defendants in this case to say that those defendants have no objection to the proposed mandatory injunction. Such limited relief is plainly warranted.

III. Recommendation

For the reasons set forth above, I respectfully recommend that the court enter an injunction requiring defendant David Parsons immediately to turn over and transfer to the custody of plaintiff Leisure Direct, Inc. all shares of Leisure Direct, Inc. currently in his

possession or under his control, including but not limited to all such shares held in the name of Gold Op Holding Inc. at Alpine Securities; all such shares held in the name of Glendale Capital, LLC at Pension Financial Services; and the 40,000 shares transferred on or about April 19, 2005 from David Parsons to an account in the name of Gary Constantine.  Further, because Parsons has defied previous court orders designed to preserve the status quo pending an orderly resolution of the merits, I recommend that the court enter such an injunction without waiting for the expiration of the usual ten-day period for objections to a Report and Recommendation.  Instead, I recommend that the court include a provision in its injunction order permitting Parsons to seek the return of the shares currently in his custody and control on the basis of any objection to the instant Report and Recommendation that he may submit within the prescribed period.

IV.     Objections

This Report and Recommendation will be electronically filed on the court's ECF docketing system and is deemed served on all parties other than defendant Parsons as of the date of such filing.  I direct counsel for the plaintiff to serve a copy of this Report and Recommendation on defendant Parsons by certified mail, and to file proof of service with the court by January 9, 2007.  Any objection to this Report and Recommendation must be filed with the Clerk of the Court by January 24, 2007.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72;

*Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
January 4, 2007

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge