**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
LEISURE DIRECT, INC.,

                       Plaintiff,                   **REPORT AND**
                                                              **RECOMMENDATION**
        - against -

                                                              05-CV-4473 (KAM) (JO)
GLENDALE CAPITAL, LLC, et al.,
                       Defendants.
---------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       For the reasons set forth below, I respectfully recommend that the court strike the answer filed by defendants Glendale Capital, LLC ("Glendale Capital") and Joe Longo ("Longo") and thereupon enter a default against them based on their failure to appear at the pretrial conference and their failure to obey scheduling and other pretrial orders. I also recommend that the court dismiss with prejudice the claims against defendant George Lasako ("Lasako").

I.      Background

       On September 21, 2005, plaintiff Leisure Direct, Inc. ("LDI") filed a complaint against Glendale Capital and its two principals Lasako and Longo (collectively, the "Glendale Defendants"), as well as against Glendale Capital's attorney David Parsons ("Parsons"). LDI's complaint alleged that the defendants had colluded in the unauthorized sale and subsequent dilution of its stock. Docket Entry ("DE") 1. On October 24, 2005, Parsons appeared at a hearing before the Honorable John Gleeson, United States District Judge, to oppose LDI's request for injunctive relief, but the Glendale Defendants did not. Notwithstanding Parsons's opposition, Judge Gleeson entered a permanent injunction and referred the case to the assigned magistrate judge for an initial discovery conference. DE 7. A series of delays followed, and the initial conference was adjourned twice at Longo's request to allow Glendale Capital to obtain counsel.

DE 14; DE 17. Counsel for all three Glendale Defendants filed a notice of appearance on February 1, 2006, and was granted an additional 30 days to answer the complaint. DE 19; DE 20; DE 21. The Glendale Defendants filed their answer on March 2, 2006. DE 23.[1] On April 27, 2006, I entered a Case Management and Scheduling Order that set discovery and other pretrial deadlines for all parties. DE 32.

Four months later, on August 15, 2006, LDI complained that none of the defendants was complying with discovery, and noted in particular that all of the defendants had failed to appear as required at their respective depositions. DE 34. I convened a status conference on August 30, 2006, to discuss the matter. Order dated Aug. 16, 2006. On August 28, 2006, two days before the conference, the Glendale Defendants' counsel of record, Steven Kaplan ("Kaplan"), sought leave to withdraw on the basis of "irreconcilable differences ... which preclude continued representation." DE 35. These differences included the Glendale Defendants' lack of cooperation and refusal to communicate with Kaplan. *See* DE 61. At the status conference two days later I deferred ruling on Kaplan's application, and explicitly warned that any defendant's continued failure to comply with discovery would result in "a report and recommendation urging the court to strike that defendant's answer and enter a default judgment in favor of the plaintiff." DE 37. On September 18, 2006, I once again extended the deadline for the defendants to appear for their depositions and provide belated responses to outstanding discovery requests, this time to September 20, 2006. In doing so, I again warned all defendants of the consequences of failing to

---

[1] Parsons, appearing *pro se*, did not answer until April 27, 2006, after LDI sought a default judgment against him. DE 27. With LDI's consent, I permitted Parsons to answer, and LDI withdrew its motion for a default. *See* DE 31 (minute entry for initial conference); Order dated April 27, 2006 (LDI's withdrawal of motion for default judgment); DE 33 (Parsons's Answer).

comply. DE 42. On September 22, 2006, LDI's counsel reported that the Glendale Defendants had provided responses to the outstanding discovery requests three days earlier, and were cooperating in the scheduling of their depositions. *See* DE 44. At a status conference the following week, the parties reported that the discovery process with respect to claims against the Glendale Defendants was back on schedule, and I therefore dismissed as moot Kaplan's motion to withdraw as the Glendale Defendants' counsel. DE 45; DE 46.

Because defendant Parsons had not complied with discovery, I recommend that the court strike Parsons's answer and enter a default judgment against him. The court adopted this recommendation. DE 47; Order dated Dec. 7, 2006. I also recommended, and the court entered, an injunction requiring Parsons immediately to turn over and transfer to the custody of LDI all shares of LDI stock currently in his possession or control. DE 52; Order dated Jan. 5, 2007. After an inquest on damages, and pursuant to my recommendation, the court entered judgment against Parsons, awarding LDI damages in the amount of $1,264,665. DE 56; Order dated May 2, 2007.

After the entry of judgment against Parsons, Kaplan sought to facilitate a settlement with LDI on behalf of his clients the Glendale Defendants. In a letter to the court dated June 14, 2007, Kaplan explained that Longo had failed to comply with Kaplan's request to contact the plaintiff, and that communication with the Glendale Defendants had recently become difficult. He requested a 30 day adjournment of all deadlines to allow the parties the opportunity to communicate, which I granted. DE 61; Order dated June 15, 2007. On July 13, 2007, Kaplan filed another letter stating that the Glendale Defendants had once again stopped communicating with him. In particular, he reported that Longo had neither answered nor returned numerous

phone calls, and that his repeated attempts to communicate had failed for over three weeks. Expressing his belief that his "clients did not intend to cooperate or communicate with" him, Kaplan again moved to withdraw as counsel. He also requested a further extension of the joint pretrial order deadline. DE 63. I denied the application for an extension, and warned that the defendants "must comply with their obligations, including participation in the submission of a joint pretrial order, or risk a default." Order dated July 16, 2007. I further ordered the individual Glendale Defendants to appear in person at the next conference to discuss the motion to withdraw. *Id*.

On the date the joint pretrial order was due, LDI submitted a proposed order without any input from the Glendale Defendants, reporting that they had not participated in the creation of a joint proposed order. DE 64. The Glendale Defendants also failed to submit to chambers their *ex parte* statement of settlement position to facilitate settlement negotiations as required by the Case Management and Scheduling Order. DE 32.

At the final pretrial conference two days later, only Lasako appeared; the remaining Glendale Defendants – Glendale Capital and Longo – did not. Lasako persuaded LDI's counsel, through sworn testimony on the record, that he had no assets with which to satisfy any prospective judgment. Based on that testimony, LDI agreed to dismiss its claims against defendant Lasako and to submit a stipulation of discontinuance to that effect. DE 66. Glendale Capital and Longo both failed to appear, and their attorney Kaplan reported that they remained out of contact with him. I advised the parties that I would recommend that the court strike the missing parties' answer and award a default judgment against them. *Id*. Since that appearance

4

before me on July 20, 2007, nothing has happened in the case: neither Glendale Capital nor Longo has appeared, and LDI has not moved to dismiss its claims against Lasako as promised.

II. Discussion

   A. Default As To Defendants Glendale Capital And Longo

The Federal Rules of Civil Procedure empower a court to sanction a party for failure to participate in the litigation. Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)" if, among other reasons, a party "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A), (C). Rule 37(b)(2)(A)(ii) - (vii) identifies, among a range of permissible sanctions, those sanctions which I now recommend: striking an answer and rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(iii), (vi); *Durant v. Traditional Invs., Ltd.*, 1992 WL 236196, at *2 (S.D.N.Y. Sept. 8, 1992) ("Rule 16(f) ... authorizes the Court to penalize a party for failure to appear at a conference before the Court or for noncompliance with the Court's pretrial orders by making such orders as are just under the circumstances, including ... rendering a judgment by default against the disobedient party.").

The imposition of sanctions under Rule 16(f) is governed by the same standard as the imposition of sanctions under Rule 37. 97 F.R.D. 165, 213 (1983) ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery. This should facilitate application of Rule 16(f), since courts and lawyers already are familiar with the Rule 37 standards."); *see also Salahuddin v. Harris*, 782 F.2d 1127, 1133 (2d Cir. 1986). The Second Circuit has expressed its "belief in the importance of appropriate sanctions as a necessary means

of dealing with a recusant party." *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (citing *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1063-64 (2d Cir. 1979)). A district court has broad discretion in choosing an appropriate sanction, with the caveat that the court should reserve the more severe punishments for the "rare" cases in which "they are necessary to achieve the purpose of Rule 37 as a credible deterrent[.]" *Id.* In general, a drastic sanction such as striking an answer or entering a default judgment is only warranted if the noncompliance has been "willful, or in bad faith, or otherwise culpable." *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990) (citing *Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958)); *see also Negron v. Woodhull Hosp.*, 173 Fed. Appx. 77, 78 (2d Cir. Mar. 23, 2006) ("The grant of judgment as a sanction 'is a harsh remedy to be utilized only in extreme situations.'") (quoting *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995)). Among the factors the court should consider in selecting an appropriate sanction are the extent and duration of the noncompliance, the culpability of the noncompliant party, the adequacy of notice, and the efficacy of lesser sanctions. *See Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852 (2d Cir. 1995); *Negron*, 173 Fed. Appx. at 78 (default may be appropriate where the party has demonstrated willfulness, bad faith or fault, less drastic sanctions will not work, and the party has been warned of the risk of dismissal for failure to comply with court orders) (citing *Lediju v. New York City Dept. of Sanitation*, 173 F.R.D. 105, 112 (S.D.N.Y. 1997)).

With the exception of filing a late answer and complying with discovery only upon threat of default, defendants Glendale Capital and Longo have consistently failed to participate in this litigation from its inception. They have has failed to appear as required at scheduled court

6

conferences, have failed to engage in settlement discussions, and have refused to communicate with their attorney or cooperate in the preparation of the joint pretrial order. In doing so, they disobeyed both my order of July 16, 2007, which ordered them to comply with their obligations "including participation in the submission of a joint pretrial order" and to appear in person at the settlement conference, and the Case Management and Scheduling Order, DE 32, which required the submission of an *ex parte* statement of settlement position before the conference. *See Bulkmatic Transp. Co. v. Pappas*, 2002 WL 975625, at *2 (S.D.N.Y. May 9, 2002) ("Although a court cannot force litigants to settle an action, it is well established that a court can require parties to appear for a settlement conference, and impose sanctions pursuant to Rule 16(f) if a party fails to do so.").

Moreover, as demonstrated by the events surrounding their appearance through counsel at the conference on September 28, 2006, Glendale Capital and Longo were aware of their responsibilities in this litigation and the possible consequences of ignoring further court orders. In such circumstances, Glendale Capital and Longo's persistent lack of participation in these actions can only be described as willful. "Noncompliance with [court] orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." *Davidson v. M. Dean*, 204 F.R.D. 251, 255 (S.D.N.Y. 2001) (citation omitted). The failure of Glendale Capital and Longo to appear at the pretrial conference and to participate in the creation of the joint pretrial order was not beyond their control. Additionally, my order of July 16, 2007 explicitly stated that the defendants "risk[ed] a default" if they failed to comply with its terms. Finally, there is nothing in the record to suggest that additional time or alternative sanctions will do

anything to ameliorate the circumstances or provide the cooperation to which LDI is entitled; accordingly, no lesser sanction will suffice. *See Johnson v. M. Melnick & Co.*, 1996 WL 239994, at *9 (S.D.N.Y. May 8, 1996), *aff'd*, 104 F.3d 355 (2d Cir. 1996) (pattern of blatant and willful disregard for the rules warranted dismissing complaint with prejudice under Rule 16(f)); *Motown Record Co., L.P. v. Motown Beverage Co. of Ohio*, 1998 WL 781449, at *1 (2d Cir. Nov. 6, 1998) ("we agree with the district court that the numerous instances of delay and intransigence in complying with the court's orders warranted the drastic step of striking defendants' answer and entering default judgment in plaintiff's favor").[2]

      B.     <u>Dismissal of Claims against Lasako</u>

LDI agreed at the July 20, 2007 pretrial conference to dismiss its claims against defendant Lasako and to submit a stipulation of discontinuance to that effect. DE 66. As of this date it has not done so. I therefore recommend that LDI's claims against Lasako be dismissed with prejudice.

III.    <u>Recommendation</u>

For the reasons set forth above, I respectfully recommend that the court strike the answer of defendants Glendale Capital and Longo and enter a default against them. I further recommend that the court dismiss with prejudice plaintiff LDI's claims against defendant Lasako.

IV.    <u>Objections</u>

---

[2] If the court accepts my recommendation, LDI can be granted an opportunity to seek a default judgment and to prove its damages. The court followed the same two-step procedure with respect to defendant Parsons. *See* DE 47 (report and recommendation urging court to strike the answer and enter default); DE 56 (report and recommendation as to damages).

I direct counsel for plaintiff LDI to serve a copy of this Report and Recommendation by certified mail on defendants Glendale Capital, LLC and Joe Longo at the last known address of each, and to file proof of such service no later than April 21, 2009.[3] Any objection to this Report and Recommendation must be filed with the Clerk of the Court by May 5, 2009. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Beverly v. Walker*, 118 F.3d 900 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
April 14, 2009

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge

---

[3] I recognize that attorney Kaplan continues to serve as counsel of record for all three of the Glendale Defendants. As a result, Kaplan will receive electronic notification of the filing of this document, and he must of course notify each of his clients of its contents if is able to do so. Nevertheless, in light of circumstances described above, in an abundance of caution I direct LDI to make its own independent efforts to provide notice to Glendale Capital and Longo of my recommendation that their answer be stricken.